ECKHART, EXRX., APPELLANT, *v.* WILES, EXRX., ET AL., APPELLEES.

*Mr. Fred B. Fowler* and *Messrs. Newcomer & Parker,* for appellant.

*Mr. James Donovan, Jr.,* and *Mr. Lawrence Warden,* for appellees.

BY THE COURT.  This case stands as an appeal on questions of law from a judgment of the probate division of the Common Pleas Court of Henry county, in an action pending therein wherein the appellant, Blanche Eckhart, as executrix of the estate of Ellen Sturdevant, was plaintiff, and the appellees, Dora May Wiles, as executrix of the last will and testament of William Sturdevant, deceased, Dora May Wiles, Cary Wiles, Lora Ellen Barnes and Orlo Wiles, were defendants.

This is an action to vacate certain proceedings had and certain orders and adjudications made in the probate division of the Common Pleas Court of Henry county, in the matter of the estate of William Sturdevant, deceased, including an order approving inventory, an order confirming the election of the widow, and an order settling the final account of Dora May Wiles as executrix of the last will of William Sturdevant, and the election of Ellen Sturdevant as widow of William Sturdevant, deceased, as well as other proceedings had and orders made in the matter of the estate, on the ground that Ellen Sturdevant, during the time the matter was pending and the proceedings had and orders and election made, was mentally incapacitated; and on the further ground that on account of the confidential relationship existing between Dora May Wiles, executrix of the estate,

and Ellen Sturdevant, arising from the fact that said executrix occupied the relation of foster daughter to Ellen Sturdevant and Ellen Sturdevant resided with her at her home, the election made by Ellen Sturdevant under the will, and the failure of the appraisers of the personal property of said estate to make an allowance for the year's support of Ellen Sturdevant and set off to her the exempted property to which she was entitled as surviving spouse of William Sturdevant, and the omission of the executrix to have an allowance made and exempted property set off, were constructively fraudulent.

The probate division of the Common Pleas Court found on all the issues in favor of the defendants and dismissed plaintiff's petition and this is the judgment from which this appeal is taken.

The plaintiff assigns a number of errors, but in her brief filed herein specifies and argues error only in that the finding and judgment of the Common Pleas Court on the issues of mental capacity of Ellen Sturdevant and fraud in procuring her election to take under the will and in the failure of the appraisers of the personal property of the estate of William Sturdevant to make allowance for her year's support and set off to her exempted property and the omission of Dora May Wiles as executrix of the estate of William Sturdevant to have this done, are not supported by the evidence, are against the weight of the evidence and are contrary to law, and under the statute this will be the only assignment of error considered.

The following facts, pertinent to the error specified and argued in appellant's brief, appear in the bill of exceptions:

William Sturdevant died testate on the 18th day of September, 1933. His last will and testament was admitted to probate on September 23, 1933.

In his last will and testament he directed that all his just debts and funeral expenses be paid out of the

estate; bequeathed all his personal property to Dora May Wiles, his niece, who had lived with him for many years and who was appointed executrix of his last will and testament; devised all his real estate to Dora May Wiles for and during her natural life, with remainder in one parcel to her daughter Lora Ellen Barnes and remainder in the other parcel to her son Orlo Wiles. The will made no provision for Ellen Sturdevant, his widow, who survived him.

An inventory of the estate was taken. The appraisers set off no year's allowance to the widow, did not set off to the widow any per cent of the estate, and made no provision for the widow. This was done at the direction of Dora May Wiles and the attorney for Dora May Wiles.

On October 28, 1933, the election of the widow to take under the will was filed in the Probate Court. The election is signed by Ellen Sturdevant, the widow, in the presence of Lawrence C. Warden and Mertie E. Mohler, and duly acknowledged before Lawrence C. Warden, notary public in and for Henry county, Ohio.

The final account of Dora May Wiles as executrix of the estate of William Sturdevant was filed on the 8th day of October, 1934. At the time of the filing of this account Ellen Sturdevant was living at the home of Dora May Wiles.

The account shows no payment made to Ellen Sturdevant of any nature or kind and further shows that Ellen received no part of her husband's estate.

In the order approving and confirming the account the court made the following findings and orders:

"And the court, having examined said account and the vouchers filed therewith find said executrix chargeable with assets of said estate in the sum of..................................... $1564.43

"And entitled to credit as follows:

| | |
|---|---:|
| For payment of valid claims................ | 1558.93 |
| For the costs therein paid taxed at........ | 5.50 |
| "Total....................... | $1564.43 |

"And the court find that there is no balance in the hands of said executrix. Said executrix having fully administered according to the last will and testament of said William Sturdevant, deceased, and according to law, the assets of said estate which are shown to have come into her hands, is hereby discharged unless her account be impeached for fraud or manifest error.

"Said account is settled accordingly, and approved and confirmed, and ordered recorded in the record of accounts in this court."

On October 9, 1934, the next day after the filing of the final account by Dora May Wiles, executrix of the estate of William Sturdevant, an application was filed by Cary L. Wiles for the appointment of a guardian of Ellen Sturdevant. In the application it is alleged that Ellen Sturdevant is 80 years of age and is mentally incompetent by reason of advanced age, and by reason thereof is incapable of taking care of herself or preserving her property; and that it is necessary that a guardian be appointed.

On October 18, 1934, the application was submitted to and heard by the court which found that Ellen Sturdevant and all her next of kin resident of this county have had due and legal notice of the pendency and prayer of the application as provided by law; that Ellen Sturdevant is a resident of this county, having legal settlement in the township of Liberty; that Ellen Sturdevant is an incompetent by reason of advanced age, and by reason thereof incapable of taking care of herself and preserving her property; and that a guardian is necessary. Thereafter on the same day the court duly appointed one M. H. Bockelman as her guardian.

That guardian filed his first and final account of guardianship on November 19, 1936.

Ellen Sturdevant died testate on the — day of ——, 1936. Blanche Eckhart is the duly qualified and acting executrix of the estate of Ellen Sturdevant, and as such executrix, filed her petition in the probate division of the Common Pleas Court of Henry county, Ohio, on the 5th day of November, 1937.

It will be noted that in the guardianship proceeding of Ellen Sturdevant the finding of the court is that Ellen Sturdevant was an incompetent by reason of advanced age, and the court did not find that she was mentally incompetent.

There is a direct conflict in the evidence as to the mental competency of Ellen Sturdevant during the period extending from the time of the death of her husband until her own death, but there is competent, credible and substantial evidence tending to support the presumed finding of the trial court that she was mentally competent, and such finding is neither contrary to law by reason of not being sustained by any evidence, nor against the weight of the evidence.

On the issue of constructive fraud in procuring the election of Ellen Sturdevant to take under the will, there is competent, credible and substantial evidence tending to prove that before making such election she was in open court, fully advised by the probate judge as to her legal rights in the matter, and executed her election in accordance with law after such advice had been received by her.

While by accepting under the will she received no property rights in lieu of the property rights she would have received by not accepting under the will, such acceptance operated as a waiver of the property rights she would have been entitled to receive if she had not accepted. In view of the fact that Ellen Sturdevant, prior to her acceptance under the will, had the benefit of the independent and unbiased advice of the

judge with reference to her legal rights, the presumed finding of the trial court on this issue is neither contrary to law by reason of not being supported by evidence, nor against the weight of the evidence.

It was the duty, under the law, of the appraisers of the personal estate of William Sturdevant to make allowance to Ellen Sturdevant, widow, for a year's support and also to set off to her certain property exempt from administration, as provided in Section 10509-54, General Code.

There is no evidence tending to prove that the failure of the appraisers to perform this duty or the omission of Dora May Wiles as executrix to have it done, resulted from any undue influence being exercised upon Ellen Sturdevant by either Dora May Wiles or any one else, or that such failure or omission occurred through or resulted from any confidential relation existing between Dora May Wiles and Ellen Sturdevant.

Under the evidence the failure to make such allowance and the omission to have the same made were wholly unaccompanied by fraud, constructive or otherwise.

Section 10506-40, General Code, provides as follows:

"The determination of the Probate Court on the settlement of an account shall have the same force and effect as a judgment at law or decree in equity, as the particular case may require, and shall be final as to all persons having notice of the hearing, except:

"(a) Upon review or appeal according to law; and

"(b) When an account is settled in the absence of a person adversely interested, and without actual notice to him, it may be opened on his filing exceptions to the account within eight months after such settlement; and * * *

"(d) In case of fraud or collusion; and

"(e) As against rights which are saved by statute to persons under disability."

Under the provisions of the above quoted section

the order settling the first and final account of the executrix of the estate of William Sturdevant operated as a judgment at law or decree in equity adjudicating that Ellen Sturdevant had no right to any distributive share, allowance for year's support or to exempted property in the estate.

The election of Ellen Sturdevant to take under the last will and testament of William Sturdevant and the failure of the appraisers of the personal property of the estate to make an allowance to Ellen Sturdevant for a year's support and to set off to her exempted property in pursuance to the provisions of Section 10509-54, General Code, and the omission of the executrix to have the same done by the appraisers or the court not being occasioned by fraud, the rights of Ellen Sturdevant, M. H. Bockelman as guardian of the personal estate of Ellen Sturdevant, and Blanche Eckhart, executrix of the estate of Ellen Sturdevant, deceased, are governed by the provisions of subdivision (b) of Section 10506-40, General Code, above set forth.

From the 18th day of October, 1934, until more than eight months from and after the settling of the first and final account of the executrix on November 5, 1934, M. H. Bockelman as guardian of the personal estate of Ellen Sturdevant was vested with authority to file exceptions to such account in accordance with the foregoing provisions, and no exceptions having been filed by him, and under the evidence there being no fraud or collusion, said guardian and executrix are both barred from opening the account or filing exceptions thereto.

For the reasons mentioned we find no error in the particulars specified and argued in appellant's briefs, and the judgment of the probate division of the Common Pleas Court is hereby affirmed at costs of appellant.

*Judgment affirmed.*

GUERNSEY, P. J., CROW and KLINGER, JJ., concur.